UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY DELUIS-MORELO,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>　　　　　　　Respondent. | Case No. C15-1097-RAJ-BAT<br><br>**REPORT AND RECOMMENDATON** |

Johnny DeLuis-Morelo, an immigration detainee at the Northwest Detention Center, is proceeding *pro se* in this habeas corpus action pursuant to 28 U.S.C. § 2241. He seeks release from detention or a bond hearing. *See* Dkt. 7. Respondent has been served, and her return and status report is due on August 28, 2015. Dkt. 8.

On August 13, 2015, Mr. DeLuis-Morelo filed a motion titled "Urgent Mental Health Treatment." Dkt. 10 at 4. He alleges that he has not received mental health treatment and has been abused while at the Northwest Detention Center. *Id.* at 5. He claims that the medicine he has received for his schizophrenia "is not good for my baby," but perhaps he means "body," instead of "baby." *Id.* at 6. He asks the Court to release him on conditional parole or to a mental health facility. *Id.* at 7.

The Court recommends that Mr. DeLuis-Morelo's motion be denied. First, Mr. DeLuis-

REPORT AND RECOMMENDATON- 1

Morelo has been detained since June 2012, and it does not appear that the matter is as urgent as he suggests.  Second, the instant habeas action involves the legality of Mr. DeLuis-Morelo's detention, not the conditions of his confinement.  His motion, however, goes exclusively to the conditions of his confinement and seeks injunctive relief beyond the scope of his habeas petition, namely release to a mental health treatment facility.  Although the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought under habeas, *see Bell v. Wolfish*, 441 U.S. 520, 526 (1979), the Ninth Circuit has held that habeas jurisdiction is absent, and a civil rights action is proper, where, as here, a successful challenge to a prison condition will not necessarily shorten the detention, *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).  In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint.  *See Badea v. Cox*, 931 F .2d 573, 574 (9th Cir. 1991) (holding that civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n. 1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).  Accordingly, Mr. DeLuis-Morelo's request for mental health treatment should be brought in a separate civil rights action, not in this habeas action, and his urgent motion, Dkt. 10, should be **DENIED**.  A proposed order accompanies this Report and Recommendation.

     This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.  Objections, however, may be filed and served upon all parties no later than **September 14, 2015.**  The Clerk should note the matter for **September 14, 2015**, as ready for the District Judge's consideration if no objection is filed.  If

REPORT AND RECOMMENDATON- 2

objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 24th day of August, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON- 3