HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHNNY DELUIS-MORELO,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

Respondent.

CASE NO. C15-1097RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R&R") (Dkt. # 15) of the Honorable Brian A. Tsuchida, United States Magistrate Judge. The R&R recommends that the Court deny Respondent's Motion to Dismiss, and grant in part and deny in part the Petitioner's habeas petition. *See* Dkt. # 15. Both Respondent (Dkt. # 16) and Petitioner (Dkt. # 17) have objected to the R&R. The Court has considered the objections, the briefs submitted to Judge Tsuchida, and the remainder of the record. For the reasons set forth below, the Court adopts in part and declines to adopt in part the R&R, **GRANTS** Respondent's Motion to Dismiss, and **DENIES** Petitioner's habeas petition.

## II. BACKGROUND

Petitioner's immigration history is well documented in the record and in the R&R. Briefly, Petitioner is a native and citizen of Columbia who entered the United States without inspection or parole by an immigration officer. *See* Dkt. # 12-1 at 2. United

States Immigration and Customs Enforcement ("ICE") officers later determined that Petitioner met the requirements for administrative removal. *See id.* at 22. Petitioner expressed fear of returning to Columbia and his case was reviewed by an asylum officer, then referred to an Immigration Judge ("IJ"). *Id.* at 2-11. Petitioner's application for deferral of removal was subsequently denied, and the denial was affirmed by the Board of Immigration Appeals ("BIA"). *Id.* at 13-15. Petitioner subsequently applied for a petition for review and a motion for a stay of removal with the Ninth Circuit Court of Appeals. *See DeLuis-Morelo v. Lynch*, No. 14-73816, Dkt. #1 (9th Cir.). The motion for stay was granted (*id.*, Dkt. # 32), but Petitioner's petition was subsequently denied by the Court of Appeals for lack of jurisdiction because the BIA had reopened proceedings and remanded the case to the IJ (*see id.* Dkt. # 46).

Petitioner has subsequently requested and received several bond hearings. Most important to this matter, Petitioner received a bond hearing on June 4, 2013, where the IJ granted Petitioner's release on a $20,000.00 bond. *See* Dkt. # 12-1 at 27, 29-32. That order was affirmed by the BIA. Dkt. # 12-2 at 2. A bond redetermination hearing was conducted on October 3, 2013, where the IJ reduced the bond to $6,000.00. *Id.* at 4. That order was not appealed. Petitioner was provided another bond hearing on June 23, 2015 pursuant to *Rivera v. Holder*, 307 F.R.D. 539 (W.D. Wash. 2015). *See* Dkt. # 12-3 at 27, 30-34. The bond remained set at $6,000.00. *Id.* That order was appealed and remains pending. *See* Dkt. # 12-1 at 17-19.

## III. DISCUSSION

a. <u>Petitioner's Request for a New Bond Hearing</u>

As indicated by in the R&R, the statutory authority for Petitioner's detention is 8 U.S.C. § 1226(a). That section provides that the Attorney General has discretionary authority to release Petitioner on bond or conditional parole pending the completion of removal proceedings. *See id.* Aliens who face prolonged detention while their petitions for review are pending are entitled to a bond hearing to contest the necessity of continued

detention. *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 949 (9th Cir. 2008). In such hearings, "IJs should consider the factors identified in *In re Guerra*, 24 I. & N. Dec. 37 (B.I.A. 2006)." *Rodriguez v. Robbins*, 715 F.3d 1127, 1135 (9th Cir. 2013) (citing *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011)). Such hearings must also comply with certain procedural requirements, including: "(1) the IJ must place the burden of proof on the government; (2) the government must prove by clear and convincing evidence that continued detention is justified; (3) the immigrant's criminal history alone may be insufficient to meet the dangerousness standard that must be met to deny bond and justify detention; and (4) the government must provide contemporaneous records of *Casas* hearings." *Castaneda v. Aitken*, No. 15-CV-01635-MEJ, 2015 WL 3882755, at *6 (N.D. Cal. June 23, 2015) (citing *Singh*, 638 F.3d at 1203-08).

The R&R granted the petition in part because it found that none of Petitioner's bond hearings complied with the requirements of a *Casas* hearing. *See* Dkt. # 15 at 5-6. However, Respondent has subsequently provided a transcript of the October 3, 2013 bond hearing. *See* Dkt. # 16-1. That transcript shows that the hearing was conducted pursuant to *Franco-Gonzalez v. Holder*, No. CV 10-02211 DMG DTBX, 2013 WL 3674492 (C.D. Cal. Apr. 23, 2013). *See id.* at 4:8-9. The permanent injunction in *Franco-Gonzalez* itself requires that class members who have been detained more than six months should receive a bond hearing identical to a *Casas* hearing, placing the burden on the Government to show by clear and convincing evidence that continued detention is necessary. *See Franco-Gonzalez*, 2013 WL 3674492 at *13. Having reviewed the transcript of the October 3, 2013 hearing, the Court is convinced that the hearing complied with the procedural requirements under *Casas*. The Court declines to adopt the R&R to the extent it found that a new bond hearing was necessary.

b. <u>Petitioner's Challenge to the Bond Amount</u>

The R&R also found that the Court did not have jurisdiction to consider Petitioner's challenge to the bond amount. *See* Dkt. # 15 at 6. It is clearly established

that although an "alien may appeal the IJ's bond decision to the BIA, see 8 C.F.R. § 236.1(d)(3), but discretionary decisions granting or denying bond are not subject to judicial review, see § 1226(e)." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008). As the R&R rightfully found, Petitioner's challenge is nothing more than a challenge to the IJ's discretionary judgment. Thus, the Court adopts the R&R on this finding.

## IV. CONCLUSION

For the reasons set forth above, the Court adopts in part and declines to adopt in part the R&R, **GRANTS** Respondent's Motion to Dismiss, and **DENIES** Petitioner's habeas petition.

DATED this 23rd day of December, 2015.

The Honorable Richard A. Jones
United States District Court